1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5
6

BILL E.,

7

Plaintiff,

8

v.

9

COMMISSIONER OF SOCIAL
SECURITY,

10

Defendant.

Case No. 3:19-cv-05278

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

11
12      Plaintiff has brought this matter for judicial review of Defendant's denial of his

13  application for supplemental security income ("SSI") benefits.

14      The parties have consented to have this matter heard by the undersigned

15  Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule

16  MJR 13. For the reasons set forth below, the undersigned agrees that the ALJ erred,

17  and the ALJ's decision is reversed and remanded for further administrative proceedings.

18                     I.      ISSUES FOR REVIEW

19    1. Did the ALJ properly evaluate Plaintiff's symptom testimony?
20    2. Did the ALJ err in failing to evaluate testimony from Plaintiff's
         partner?
21    3. Did the ALJ err in evaluating medical opinion evidence?

22                     II.     BACKGROUND

23      On March 27, 2015, Plaintiff filed an application for SSI, alleging a disability onset

24  date of February 24, 2015. AR 15, 300-05. Plaintiff's application was denied upon initial

25

administrative review and on reconsideration. AR 15, 150-53, 154-57. A hearing was held before Administrative Law Judge ("ALJ") Allen Erickson on August 15, 2017, and a supplemental hearing was held on December 14, 2017. AR 35-88, 89-128. On May 9, 2018, the ALJ issued a written decision finding that Plaintiff was not disabled. AR 12-29. The Social Security Appeals Council denied Plaintiff's request for review on February 12, 2019. AR 1-6.

On April 16, 2019, Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision. Dkt. 4.

III.    STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

IV.    DISCUSSION

In this case, the ALJ found that Plaintiff had the severe, medically determinable impairments of status post traumatic brain injury, chronic obstructive pulmonary disease ("COPD"), and hypertension, along with a range of non-severe impairments. AR 17-18.

Based on the limitations stemming from these impairments, the ALJ found that Plaintiff could perform a reduced range of light work. AR 21. Relying on vocational expert ("VE") testimony, the ALJ found that while Plaintiff could not perform his past work, he could perform other light unskilled jobs at step five of the sequential evaluation;

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 2

1   therefore the ALJ determined at step five that Plaintiff was not disabled. AR 27-28, 111-

2   12.

3       A.  Whether the ALJ erred in evaluating Plaintiff's testimony

4       Plaintiff contends that the ALJ did not provide clear and convincing reasons for

5   discounting his symptom testimony. Dkt. 13, pp. 12-16.

6       In weighing a Plaintiff's testimony, an ALJ must use a two-step process. *Trevizo*

7   *v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether

8   there is objective medical evidence of an underlying impairment that could reasonably

9   be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763

10  F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and provided there is no

11  evidence of malingering, the second step allows the ALJ to reject the claimant's

12  testimony of the severity of symptoms if the ALJ can provide specific findings and clear

13  and convincing reasons for rejecting the claimant's testimony. *Id. See Verduzco v.*

14  *Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999).

15      In discounting Plaintiff's symptom testimony, the ALJ reasoned that: (1) Plaintiff's

16  allegations concerning his physical and mental impairments were inconsistent with the

17  medical record; and (2) Plaintiff experienced significant recovery during the period at

18  issue. AR 25.

19      With respect to the ALJ's first reason, an inconsistency with the objective

20  evidence may serve as a clear and convincing reason for discounting a claimant's

21  testimony. *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297

22  (9th Cir. 1998). But an ALJ may not reject a claimant's subjective symptom testimony

23  "solely because the degree of pain alleged is not supported by objective medical

24

25

1  evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (internal quotation

2  marks omitted, and emphasis added); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir.

3  1995) (applying rule to subjective complaints other than pain).

4       Here, the ALJ found that during the period at issue, Plaintiff's testimony that he

5  was unable to walk even short distances due to his impairments and balance problems

6  was inconsistent with the medical record, which indicated that Plaintiff generally

7  demonstrated normal ranges of musculoskeletal motion, full strength in his upper and

8  lower extremities, as well as a normal gait and independent ambulation. AR 25, 1164,

9  1214, 1266, 1275-76, 313, 3686-88. The ALJ also found that while mental status

10  examinations conducted during the period at issue revealed some degree of cognitive

11  impairment, Plaintiff could perform work within his assessed residual functional capacity

12  ("RFC"). AR 25.

13       As for the ALJ's second reason, a finding that a claimant's impairments are

14  successfully managed with treatment can serve as a clear and convincing reason for

15  discounting a claimant's testimony. *See* 20 C.F.R. § 416.929(c)(3)(iv) (the effectiveness

16  of medication and treatment are relevant to the evaluation of a claimant's alleged

17  symptoms); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (evidence of

18  medical treatment successfully relieving symptoms can undermine a claim of disability).

19       Here, the ALJ contrasted Plaintiff's hospital stay in February and March 2015 – a

20  period when Plaintiff was treated for several medical problems, including a traumatic

21  brain injury, a pulmonary embolism, an acute exacerbation of his COPD, drug use and

22  hypertension -- with medical records from late 2015 and 2017 that the ALJ interpreted

23

24

25

as indicating that Plaintiff's physical and mental impairments had stabilized. AR 25, 365-883, 1275-76, 3670-79, 3680-89.

The ALJ did not accurately characterize the record concerning the effects of Plaintiff's impairments, particularly his traumatic brain injury and his ongoing cognitive difficulties. *See Garrison v. Colvin*, 759 F.3d 995, 1017-18 (2014) (finding that the ALJ erred by improperly singling out a few periods of temporary well-being from a sustained period of impairment and relied on those instances to discredit a claimant); *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir.2007) (The Court must consider the entire record as a whole, weighing both the evidence that supports and detracts from the Commissioner's finding, and may not affirm simply by isolating a specific quantum of supporting evidence.")

Here, the record indicates that Plaintiff's medical problems continued after his hospital admission in early 2015, e.g., he experienced seizures and another head injury in May 2015, had a stroke in 2016, continued to have serious memory problems, and was suffering from degeneration in his cervical spine (despite the ALJ's finding that the spinal condition was a non-severe impairment). AR 17-18, 965, 989-90, 996, 1051-52, 1203, 1231, 1261, 3237-38, 3311, 3322, 3692. Plaintiff's testimony at the administrative hearing indicates he could not remember or report specific information about his medical or mental health conditions, his capabilities, or his treatments. AR 59, 63-68.

Accordingly, the ALJ's reasons for discounting Plaintiff's testimony do not meet the clear and convincing standard, and are not supported by substantial evidence.

1

B.  <u>Whether the ALJ erred by not evaluating lay witness testimony</u>

2

Plaintiff contends that the ALJ erred by not evaluating testimony from Plaintiff's

3

partner. Dkt. 13, pp. 7-8.

4

Lay testimony regarding a claimant's symptoms "is competent evidence that an

5

ALJ must take into account," unless the ALJ "expressly determines to disregard such

6

testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel,* 236

7

F.3d 503, 511 (9th Cir. 2001). In rejecting lay testimony, the ALJ need not cite the

8

specific record as long as "arguably germane reasons" for dismissing the testimony are

9

noted, even though the ALJ does "not clearly link his determination to those reasons,"

10

and substantial evidence supports the ALJ's decision. *Id.* at 512.

11

Here, Plaintiff's partner testified at both hearings concerning Plaintiff's functional

12

limitations. AR 67-88, 103-10. The ALJ discussed this testimony but did not provide

13

reasons for discounting it. AR 21-22.

14

Defendant concedes that the ALJ erred by failing to evaluate this evidence, but

15

contends that any error was harmless, since Plaintiff's partner did not describe

16

limitations beyond those described by Plaintiff, and the ALJ provided clear and

17

convincing reasons for discounting Plaintiff's own testimony. Dkt. 14, pp. 10-12, citing

18

*Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012).

19

As discussed above, the ALJ's reasons for discounting Plaintiff's testimony are

20

not clear and convincing. *See supra* Section IV.A. Also, the testimony of Plaintiff's

21

partner is especially important in this case, given her long relationship with Plaintiff, as

22

well as the nature of Plaintiff's cognitive impairment – and his ability to effectively report

23

about his own condition would appear to be hampered. See, e.g., AR 59, 63-68, 71-76,

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 6

3602, 3654, 3671; *see Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir.2009) ("Friends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to [his or] her condition.").

Accordingly, the ALJ harmfully erred by not providing germane reasons for discounting testimony from Plaintiff's partner. *Molina*, 674 F.3d at 1114 (9th Cir. 2012) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996)) (holding that competent lay witness testimony cannot be disregarded without comment).

C. Whether the ALJ erred in evaluating medical opinion evidence

Plaintiff maintains that the ALJ erred in evaluating opinion evidence from examining physicians Beth Liu, M.D., Anirudh Rusia, M.D., and Shirley Deem, M.D. Dkt. 13, pp. 8-12.

In assessing the medical information provided by an acceptable medical source – such as a medical doctor – the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." Lester, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

1. Dr. Liu

Dr. Liu examined Plaintiff on July 20, 2015. AR 1173-78. Dr. Liu's examination consisted of a clinical interview, a review of the medical records, and a physical

examination. Based on this evaluation, Dr. Liu opined that Plaintiff could only lift or carry up to 5 pounds occasionally, use his hands occasionally for most hand activities, but should avoid pushing or pulling. AR 1176. Dr. Liu further assessed Plaintiff as being able to stand and/or walk 1 hour in an 8 hour day, and sit for 2 hours. *Id.* Dr. Liu added that Plaintiff could perform some postural activities occasionally, but should avoid climbing ladders or scaffolds, crouching and crawling, should avoid exposure to unprotected heights and moving mechanical parts and should not operate a motor vehicle. *Id.*

The ALJ assigned "little weight" to Dr. Liu's opinion, reasoning that Dr. Liu examined Plaintiff months after his traumatic brain injury and before his conditions stabilized, and determined the opinion was therefore of little probative value since it was drafted within Plaintiff's window of recovery. AR 26. In reaching this conclusion, the ALJ relied upon the same evidence he cited to discount Plaintiff's testimony because his condition allegedly stabilized. AR 25-26. For the reasons discussed above in connection with Plaintiff's testimony, the ALJ's conclusion that Plaintiff's condition stabilized after 2015 is not supported by substantial evidence, and therefore the ALJ's reliance on this evidence cannot serve as a specific and legitimate reason for discounting Dr. Liu's opinion. *See supra* Section IV.A.

2. Dr. Rusia

Dr. Rusia opined concerning Plaintiff's functional capacity for the Washington State Department of Social and Health Services ("DSHS") on October 1, 2015. AR 1259-61. Dr. Rusia opined that due to Plaintiff's cognitive impairment, seizure disorder,

and pulmonary embolism, Plaintiff would be unable to meet the demands of sedentary work. AR 1260-61.

The ALJ assigned "little weight" to Dr. Rusia's opinion, reasoning that it was inconsistent with Dr. Rusia's own treatment notes, which revealed that on examination, Plaintiff had full strength in his extremities and his memory, attention, mood, affect, speech, insight, and judgment were all intact or within normal limits. AR 26, 1155, 1214-15, 1275-76, 1285-86.

In citing the inconsistency between her opinion as compared with treatment notes, the ALJ has provided a specific and legitimate reason for discounting Dr. Rusia's opinion. *See* 20 C.F.R. § 416.927(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight [the Social Security Administration] will give to that medical opinion."); *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (An ALJ may give less weight to medical opinions that conflict with treatment notes).

3. Dr. Deem

Dr. Deem examined Plaintiff on October 4, 2017. AR 3680-89. Dr. Deem's examination consisted of a clinical interview, a review of the medical record, and a physical examination. Based on this evaluation, Dr. Deem opined that Plaintiff could stand and/or walk 2 hours in an 8-hour day, sit for 6 hours, and lift and/or carry 20 pounds occasionally and 10 pounds frequently. AR 3688. Dr. Deem further opined that Plaintiff could perform a range of postural activities occasionally, should avoid hazards and would have no manipulative limitations. AR 3689.

1    In a separate check box form also dated October 4, 2017, Dr. Deem stated that

2    Plaintiff could lift and/or carry up to 50 pounds continuously, would have a range of

3    environmental limitations, could not shop or travel without assistance, and would be

4    unable to walk 1 block at a reasonable pace on rough or uneven surfaces. AR 3680,

5    3684-85.

6    The ALJ assigned "some weight" to Dr. Deem's opinions, reasoning that although

7    Dr. Deems' opinion that Plaintiff could perform light work was consistent with the record

8    and the results of Dr. Deems' own evaluation, her separate opinion from the same day -

9    - that Plaintiff could perform work at the medium exertional level -- was not. AR 25-26.

10   Plaintiff contends the ALJ erred by not explaining why he was not incorporating

11   Dr. Deem's opinion that Plaintiff could not stand and/or walk for more than 2 hours in an

12   8-hour day into Plaintiff's RFC. Dkt. 13, pp. 11-12.

13   The ALJ is "responsible for translating and incorporating clinical findings into a

14   succinct RFC." *Rounds v Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015).

15   To the extent that an ALJ accepts a physician's opinion, he or she must incorporate the

16   limitations contained in that opinion into the RFC. *See Magallanes v. Bowen,* 881 F.2d

17   747, 756 (9th Cir. 1989). When the RFC is incomplete, the hypothetical question

18   presented to the vocational expert at step five is also incomplete, "and therefore the

19   ALJ's reliance on the vocational expert's answers [is] improper." *Hill v. Astrue*, 698 F.3d

20   1153, 1162 (9th Cir. 2012).

21   Here, the ALJ found that Plaintiff could perform light work as defined in 20 C.F.R.

22   416.967(b). AR 21. A job falls into the "light" category when it "requires a good deal of

23   walking or standing or when it involves sitting most of the time with some pushing and

24   pulling of arm or leg controls" and for an individual to be considered capable of performing a

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 10

full or wide range of light work, they must have the ability to do "substantially all of these activities." 20 C.F.R. 416.967(b). Further, Social Security Ruling ("SSR") 83-10 provides that performing the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday.

As such, the ALJ erred by not explaining why he was not incorporating Dr. Deem's opinion that Plaintiff could stand and/or walk 2 hours in an 8-hour day into Plaintiff's RFC. The error would be harmless -- the vocational expert testified during the hearing that there would still be a significant number of jobs Plaintiff could perform at step five given an otherwise identical RFC where Plaintiff was restricted to sedentary work, which generally permits an individual to stand and/or walk for not more than about 2 hours of an 8-hour workday. AR 113-14, 122; SSR 83-10; *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (noting that harmless error principles apply in the Social Security context); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 527 (9th Cir. 2014) (finding 25,000 jobs to be a significant number of jobs in the national economy).

<u>CONCLUSION</u>

The Court finds the ALJ erred in deciding Plaintiff was not disabled, and the decision to deny benefits therefore is REVERSED. This matter is REMANDED for further administrative proceedings. There is ambiguity in the record. The ALJ is directed to take additional evidence as necessary, and to consider the potential for expanding the medical record concerning plaintiff's assertions that he suffered a stroke in 2016 and hypertension complications in 2017 (see Dkt. 13 at 17 and AR 3692).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

   Consistent with the analysis in this order, the ALJ is also directed to, on remand, re-evaluate Plaintiff's testimony, the testimony of Plaintiff's partner, and the opinion of Dr. Liu.

         Dated this 13th day of August, 2020.

         Theresa L. Fricke
         United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 12